IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JUAN RUIZ, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No. DRM-24-00127 |
| | * | |
| NEW YORK ITALIAN DELI | * | |
| & CAFE, Inc., et al. | * | |
| | * | |
| Defendants. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

### MEMORANDUM OPINION AND ORDER

Defendants New York Italian Deli & Cafe, Inc. ("NYIDC"), and John Russo ("Russo") move this Court for summary judgment in their favor pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 55. Plaintiff Juan Ruiz has failed to respond and the time to do so has long passed. After considering the motion and exhibits in the record, the Court finds that no hearing is necessary.[1] Loc. R. 105.6. For the reasons stated herein, Defendants' motion is GRANTED as to Count I, the sole federal claim. The Court declines to exercise supplemental jurisdiction over the state law claims in Counts II-VI.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he served as a full-time employee of Defendants from September 2019 until January 2024. Amended Complaint, ECF No. 29 at ¶¶ 7, 9, 17.

---

[1] On January 16, 2024, this case was assigned to United States Magistrate Judge Ajmel A. Quereshi for all proceedings in accordance with Standing Order 2019-07. ECF No. 4. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 14. On April 7, 2025, this case was reassigned to the undersigned.

1

Defendants acknowledge that Plaintiff had a contiguous term of employment with Defendants apart from a five-month absence due to a motorcycle accident that was unrelated to Plaintiff's work. ECF No. 55 at 2. In January 2024, Plaintiff was terminated after Defendants allege that he "physically assaulted" another employee. *Id.*

Plaintiff alleges that he served as a cook, cashier, and server over the course of his employment with Defendant NYIDC. ECF No. 29 at ¶ 7. At the time of his termination, Plaintiff alleges that he made $18.00 an hour and worked as a "full-time hourly employee" of Defendants. *Id.* at ¶¶ 8, 10. Specifically, Plaintiff alleges that Defendants managed and otherwise oversaw his employment, including disciplinary matters, work duties, schedule, conditions of employment, rate of pay, and related matters. *Id.* at ¶ 11.

Plaintiff alleges that that he regularly worked more than 40 hours per week but that "at no time was Plaintiff ever paid properly owed overtime for those hours." *Id.* at ¶ 13. Additionally, Plaintiff, who identifies as "a person of Hispanic heritage and descent, [who] regularly made and makes use of Spanish in the workplace" alleges that, during his employment with Defendants, he was "repeatedly grabbed in the genitals by Defendant Russo for speaking Spanish in the workplace," most recently in December, 2023. *Id.* at ¶¶ 15-18.

Plaintiff's Amended Complaint also alleges that Defendant Russo would respond to Plaintiff's complaints about the workplace with "sexually demeaning and offensive remarks." *Id.* at ¶ 19. These alleged remarks on the part of Defendant Russo include Plaintiff's allegation that Russo referred to Plaintiff as a slang term for female genitalia, that Russo stated female workers were allowed greater leniency due to their performance

of sex acts on Russo, and that Russo further suggested Plaintiff would be afforded greater leniency should he also perform sex acts on Russo. ECF No. 29 at ¶¶ 20, 21. Plaintiff notes that he filed charges of discrimination regarding the Defendants' actions with the Maryland Commission for Civil Rights on January 16, 2024, and with the Prince George's County Office of Human Rights on April 23, 2024. *Id.* at ¶¶ 22, 24.

Plaintiff initiated the current matter on January 12, 2024, ECF No. 1, and filed the Amended Complaint on September 12, 2024. ECF No. 29. The Amended Complaint pleads six counts against Defendants, including alleged violations of the Fair Labor Standards Act (Count I); the Maryland Wage and Hour Law (Count II); the Maryland Wage Payment and Collection Law (Count III); as well as Battery (Count IV); Sexual Harassment (Count V); and Racial, National Origin, and Gender Harassment (Count VI). *Id.* at 5-13. Defendants filed the present motion for summary judgment on April 10, 2025. ECF No. 55.

## Discussion

**Standard of Review**

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed. R. Civ. P. 56(a). *See English v. Clarke*, 90 F.4th 636, 645 (4th Cir. 2024) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." (Emphasis in original)). An issue of fact is

material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248.

There is a genuine issue of material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party and "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted); *see also McMichael v. James Island Charter School*, 840 Fed. App'x 723, 726 (4th Cir. 2020).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)). As a final note, and of import here where Plaintiff has not filed an opposition, the Court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993).

**Analysis**

I.    <u>The Fair Labor Standards Act (Count I)</u>

In order to succeed on the claims raised in Counts I, Plaintiff must adduce some evidence that he worked over forty hours in a given week, and is thus owed overtime compensation under the FLSA. *See* 29 U.S.C. §207(a)(1).

The record appears to lack any specific evidence – beyond Plaintiff's mere allegations – that he ever worked more than forty hours per week for Defendant. In his Answer to Defendant's Interrogatories, Plaintiff admits that he kept no independent records of the time he worked and can point to no specific workweeks in which he worked over forty hours. ECF No. 55-6 at 8-9.

By contrast, from before January 12, 2021[2] through November 2021, NYIDC recorded Plaintiff's hours via a combination of monthly schedules and biweekly timesheets, all apparently signed by Plaintiff. *See* ECF No. 55-3. All are consistent with Defendants' account that Plaintiff never worked more than forty hours in a given week, and inconsistent with the hours that Plaintiff alleges in his Amended Complaint. Earnings Statements generated by NYIDC's payroll services provider from December 2021 through January 12, 2024 also reflect no more than 80 hours per biweekly pay period. ECF No. 55-4. Moreover, Defendants have provided several affidavits from Plaintiff's coworkers, including attestations that they never observed Plaintiff working over 40 hours per week

---

[2] This action was filed on January 12, 2024. ECF No. 1. The maximum statute of limitations on Count I, and the statute of limitations on Count II and III, is three years. *See* 29 U.S.C. § 255(a); Md. Code Ann., Cts. & Jud. Proc. § 5-101.

5

and that the scheduling system utilized by Defendants is an accurate representation of hours worked. ECF No. 55-8 at 2; ECF No. 55-9 at 2.

In an affidavit, Defendant Russo states that Plaintiff was often late to work and received suspensions "multiple times for poor behavior." ECF No. 55-2 at 4. Defendants also submit a purported record of Plaintiff's disciplinary infractions. ECF No. 55-3. Defendants argue this evidence casts further doubt on Plaintiff's allegations that he worked more than forty hours per week. ECF No. 55 at 4.

In sum, there is simply not sufficient evidence in the record for a reasonable jury to return a verdict in Plaintiff's favor on these issues. *See, e.g.*, *Anderson*, 477 U.S. at 248. Accordingly, there are no genuine issues for trial as to Count I of the Amended Complaint, and Defendants are entitled to summary judgment in their favor as to this count. *See, e.g.*, *Bouchat*, 346 F.3d at 522.

II.     Supplemental Jurisdiction over State Law Claims

The remaining counts of the Amended Complaint include claims under the Maryland Wage & Hour and Wage Payment & Collections Laws (Counts II & III); a claim for Maryland common law battery (Count IV); and claims under Maryland and Prince George's County employment law alleging sexual harassment and racial, national origin, and gender-based harassment (Counts V & VI). The Court does not have original jurisdiction over these claims and may decline to exercise supplemental jurisdiction over them. 28 U.S.C. § 1367(c)(3); *see ESAB Grp., Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353–57 (1988). Courts consider "the values of judicial economy, convenience, fairness, and comity in order to

decide whether to exercise jurisdiction over . . . pendent state-law claims." *Carnegie-Mellon*, 484 U.S. at 350. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 350 n.7.

This Court routinely declines to exercise jurisdiction over state law claims if all federal claims have been dismissed. *See*, *e.g.*, *Archer v. Adventist Healthcare Inc.*, No. DLB-21-685, 2023 WL 5937890, at *4 (D. Md. Sept. 11, 2023); *Conkel v. Family & Children's Servs.*, No. JKB-13-331, 2013 WL 2105854, at *1 (D. Md. May 13, 2013); *NRT Mid-Atl., LLC v. D'Ambrosia*, No. DKC-08-166, 2008 WL 11367473, at *1 (D. Md. Dec. 22, 2008). There is no reason to depart from that approach here.

Plaintiff's only federal claim has been eliminated and the Court does not have specialized knowledge of the facts or remaining claims that would make it more economical, convenient, or fair for the case to remain in federal court. The remaining claims raise only questions of state law, and "[n]eedless decisions of state law [by federal courts] should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Medina v. L & M Constr., Inc.*, RWT-14-0329, 2014 WL 1658874, at *2 (D. Md. Apr. 23, 2014) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)) (alteration in *Medina*). Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state law claims, which are dismissed without prejudice. Plaintiff may, of course, pursue these claims in state court.

7

## CONCLUSION AND ORDER

For the reasons stated above, it is hereby ORDERED that:

1. Defendants' Motion for Summary Judgment (ECF No. 55) is GRANTED as to Count I of the Amended Complaint. JUDGMENT is ENTERED for Defendants on Count I.

2. The Court DECLINES to exercise supplemental jurisdiction over Counts II-VI of the Amended Complaint, which are DISMISSED WITHOUT PREJUDICE.

3. The Clerk SHALL CLOSE the case.

Date: 8/5/2025

_____
Douglas R. Miller
United States Magistrate Judge